UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| LAWRENCE PROCTOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | 5:17-cv-348-JMH-MAS |
| ) | |
| GEICO GENERAL INSURANCE ) | **MEMORANDUM OPINION** |
| COMPANY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*

Plaintiff Lawrence Proctor's former attorney filed a motion to alter or amend the Court's previous order and judgment granting summary judgment in favor of GEICO Insurance. [DE 77]. Now Proctor is proceeding pro se and has filed a motion to reopen the case in lieu of replying to the response in opposition to the motion to alter or amend. [DE 83]. Still, Proctor has not submitted any new evidence that suggests that the Court's judgment should be altered and the motion to alter judgment simply reiterates arguments that the Court has already considered. As a result, Proctor's motion to alter or amend [DE 77] and motion to reopen the case [DE 83] are **DENIED**.

**I. Procedural and Factual Background**

On January 2, 2019, the Court granted summary judgment for GEICO Insurance after finding that Proctor had knowingly misrepresented the purchase price of the RV relevant to this insurance dispute. It was undisputed that Proctor initially told

the insurance adjuster that he had paid $16,000 for the RV. [DE 71; DE 72].

On January 29, 2019, the Court received a letter from Proctor, filed in the record [DE 76] stating, among other things, that he had actually paid $7,000 for the RV and asserting that he was having a dispute with his attorney. In response, on January 30, 2019, Proctor's former attorney, Than Cutler, filed a motion to alter or amend the judgment [DE 77] and a motion to withdraw as Proctor's attorney [DE 78].

Then, Proctor has mailed a letter to the Court with a notarized exhibit that asserted that Proctor paid $7,000 for the RV. [DE 80]. Proctor contends that the document indicating that he only paid $5,000 for the RV is fraudulent, stating that "the document was faked and provided to the court to sway the court in their favor." But the RV sales documents indicating that Proctor paid $5,000 for the RV were submitted by Proctor's former attorney as Exhibit 2 to the response in opposition to GEICO's motion for summary judgment. [DE 49-2]. Proctor's letter also indicated that he was no longer represented by counsel.

After reviewing the letter and attachments, the Court granted Cutler's motion to withdraw as counsel. [DE 79]. The Court also urged Proctor to consult the Local Rules, especially Local Rule 7.1(c) pertaining to the time allowed to respond and reply to motions and encouraged Proctor to consult with an attorney. [*Id.*]

2

The order also required that the Court's standard packet for pro se filers be sent to Proctor. [*Id.*].

GEICO responded in opposition to the motion to alter or amend. [DE 82]. Then, Proctor filed a motion to reopen the case that simply requests that the case be reopened and that a jury trial be held. [DE 83]. As a result, this matter is ripe for review.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days after the entry thereof. "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

"A motion under Rule 59(e) does not simply provide an opportunity to reargue a case, and it must be supported either by a showing that the district court made an error of law or by newly discovered evidence." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)). The Rule is not "a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009). "If . . . a Rule 59 motion merely quibbles with the Court's decision,

the proper recourse is not a motion for reconsideration but instead an appeal to the Sixth Circuit." *Zell v. Klingelhafer*, No. 13-cv-458, 2018 WL 334386, at *4 (S.D. Ohio Jan. 8, 2018).

### III. Analysis

In the motion to alter or amend, Proctor stated, "The sole issue upon which Plaintiff urges the Court to vacate its prior order is the Court's finding that Plaintiff's misrepresentation regarding the purchase price of the RV was knowingly made." [DE 77-1 at 1, Pg ID 1060]. Proctor asserts that his misrepresentation regarding the purchase price was not knowingly made due to memory issues and medications that affect his memory. [*Id.*]. But this argument was directly addressed and denied by the Court in the previous memorandum opinion and order. [DE 71 at 21-23, Pg ID 1032-34].

To reiterate, it is undisputed that Proctor misstated the purchase price of the RV. Chris Cirillo, a Senior Field Investigator working on behalf of GEICO Insurance, asked Proctor how much money he paid for the RV, to which Proctor responded, "I don't really remember. I take a lot of medicine." [DE 41-4 at 37, Pg ID 557]. Cirillo responded by saying, "We're going to need to find out . . . . Or you can tell me if you remember." [*Id.*]. Proctor replied, "16 something. I don't know what it was. I don't know who I can find out from." [*Id.*]. Cirillo asked, "16 what, thousand?" [*Id.*]. Proctor replied, "Yeah." [*Id.*].

4

It is true that Proctor told Cirillo that he had memory problems. Still, when asked about the purchase price, Proctor affirmatively stated that he had paid over $16,000 for the RV. Proctor did not indicate that he did not know the purchase price. He also did not ask for additional time to find out the correct purchase price. When asked about the purchase price, Proctor affirmatively stated that he paid "16 something" for the RV. Then, after Cirillo followed-up on to confirm that Proctor meant $16,000, Proctor said that was what he meant, without qualification or reservation.

More importantly, Proctor had ample opportunity to investigate and correct his mistake but did not do so until after this lawsuit was filed. At a deposition in May 2018, Proctor testified that he purchased the RV for $7,000. [DE 41-10 at 4, Pg ID 637]. Then, Proctor submitted RV Sales Documents as an exhibit to his response in opposition to the motion for summary judgment. [DE 49-2]. These documents indicate that Proctor paid a base price of $4,682.00 and that the total purchase price of the RV was $5,000 after taxes and fees. [[DE 49-2 at 1, Pg ID 758]. The Transfer of Title also indicates that Proctor paid $4,682.00 for the RV. [DE 41-7].

Now, Proctor claims that this misrepresentation was not made knowingly but was instead made innocently due to memory issues. During a deposition, Proctor stated that he has memory loss because

he takes prescription medications Warfarin and Lyrica. [DE 49-1 at 3, Pg ID 743].

Still, as the Court previously discussed, there is no objective evidence in the record that indicates that Proctor suffers from memory loss that could explain his material misrepresentation. The only evidence that Proctor suffers from memory loss is the unsupported allegation from Proctor himself. Proctor has provided no evidence that he has previously complained of or has been treated for a mental health or memory loss issue. Additionally, Proctor has provided no evidence that this memory loss issue has affected his life in other ways. Finally, Proctor has presented no medical evidence that indicates that memory loss is a potential side effect of the prescription medications that he takes.

Moreover, even after the Court pointed to these evidentiary deficiencies, Proctor has failed to provide any new evidence or new argument that would support his memory loss claims. In sum, there is simply no objective evidence in the record that could lead a reasonable jury to believe that Proctor suffers from a memory loss problem that is so severe that it caused him to commit a misrepresentation of this magnitude.

Ultimately, there is no genuine dispute of material fact about whether Proctor knowingly made a material misrepresentation. Proctor says he paid $7,000 for the RV. Regardless, whether the

6

RV purchase price was $5,000 or $7,000 Proctor's statement that he paid at least $16,000 for the RV was significantly inaccurate. This material misrepresentation regarding the purchase price entitled GEICO to deny coverage under the insurance policy.

Finally, the Court construes Proctor's motion to reopen the case as a reiteration of his earlier motion to alter or amend the Court's judgment. [*Compare* DE 77, *with* DE 83]. Still, at this point, Proctor is merely quibbling with the Court's previous decision and the proper recourse is an appeal. If Proctor chooses to continue this matter and take an appeal, the Court again urges Proctor to consult with an attorney because time is of the essence to ensure that a timely notice of appeal is filed.

### IV. Conclusion

Here, Proctor has not submitted any new evidence that suggests that the Court's judgment should be altered and the motion to alter judgment simply reiterates arguments that the Court has already considered. Accordingly, **IT IS ORDERED** as follows:

(1) Proctor's motion to alter or amend judgment [DE 77] is **DENIED**;

(2) Proctor's motion to reopen the case [DE 83] is construed by the Court as a reiteration of the earlier motion to alter or amend; and

(3) Proctor's motion [DE 83] is **DENIED**.

This the 12th day of March, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge